IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MYRA WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 14-2751-STA-dkv |
| ) | |
| TENNESSEE DEPARTMENT OF ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Tennessee Department of Human Services's Motion to Dismiss (ECF No. 7) filed on February 25, 2015. Plaintiff Myra Watkins has responded in opposition to the Motion. For the reasons set forth below, Defendant's Motion is **GRANTED**. In the alternative, Plaintiff's Complaint is dismissed for failure to serve within 120 days under Rule 4(m) of the Federal Rules of Civil Procedure.

## BACKGROUND

On September 24, 2014, Plaintiff Myra Watkins filed a Complaint (ECF No. 1) against Defendant Tennessee Department of Human Services.[1] On the same day Plaintiff caused summons to issue. No further docket activity occurred after that date. On January 26, 2015, when more than 120 days passed from the filing of the Complaint, the Court ordered Plaintiff to show cause as to why the Court should not dismiss her Complaint for failure to effect service

---

[1] The Complaint included in the caption of the case "Raquel Hatter, Commissioner." On March 27, 2015, the Court granted Defendant's unopposed motion to remove Hatter as an ECF

1

within 120 days under Rule 4(m) or in the alternative for failure to prosecute under Rule 41(b).

On February 10, 2015, Plaintiff responded to the Court's show cause order. Plaintiff stated that she served the summons and Complaint on the Attorney General for the state of Tennessee on February 4, 2015. Plaintiff requested that the Court accept the service as "effective" and argued that Defendant had not suffered any prejudice as a result of Plaintiff's failure to effect service within the time allowed by the Federal Rules of Civil Procedure. Plaintiff also requested that the Court enter a scheduling order, which would require Defendant to file the administrative record and set deadlines for the parties to brief the issues raised in Plaintiff's Complaint.

Defendant responded by filing the instant Motion to Dismiss for lack of subject-matter jurisdiction now before the Court. Defendant argues that Plaintiff seeks judicial review of Defendant's decision to deny her Medicaid benefits. According to Defendant, Plaintiffs has also filed a petition with the Chancery Court for Davidson County, Tennessee. Plaintiff has alleged no other claim against Defendant. Defendant argues that under the circumstance this Court lacks jurisdiction to review the state agency's decision. None of the statutes cited in the Complaint actually confer jurisdiction on this Court to hear Plaintiff's appeal. Tennessee's Uniform Administrative Procedures Act requires that any appeal of a state agency decision must be taken to the Chancery Court for Davidson County, Tennessee. In the alternative, the Court should hold that it lacks jurisdiction because Defendant is an agency of the state of Tennessee and therefore is entitled to sovereign immunity and cannot be sued under the Eleventh Amendment to the United States Constitution.

---

participate in this action.

Plaintiff has responded in opposition.[2] Plaintiff begins by requesting that the Court direct Defendant to file the administrative record. Plaintiffs argues that pursuant to 5 U.S.C. § 706, an agency must file the administrative record before a reviewing court can makes it determination of the agency decision. Plaintiff reserves the right to supplement its response upon filing of the administrative record. Plaintiff contends that federal question jurisdiction exists in this case pursuant to 28 U.S.C. § 1331. For support Plaintiffs cites 42 U.S.C. § 1396a, which governs state plans for medical assistance. Plaintiff argues that other federal courts have held that subject matter jurisdiction exists "to address alleged wrongs engaged in the bye [sic] states when interpreting and applying the federal Medicaid statutes." Pl.'s Resp. in Opp'n 3. Plaintiff does concede that she filed a "precautionary petition" in Davidson County Chancery Court but that federal question jurisdiction exists over her claims. Plaintiff concludes by proposing deadlines for a case management scheduling order.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction and the law presumes that a cause lies outside this limited jurisdiction."[3] As such, "federal courts have a duty to consider their subject matter jurisdiction in every case and may raise the issue *sua*

---

[2] When Plaintiff failed to respond to the Motion to Dismiss within the time permitted under the Local Rules of Court, the Court ordered Plaintiff to show cause as to why the Motion should not be granted. *See* Order to Show Cause Apr. 1, 2015 (ECF No. 10). Plaintiff filed a response as directed on April 8, 2015.

[3] *Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (internal quotation marks omitted).

*sponte*."[4] A party moving to dismiss for lack of subject matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction."[5] "A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis."[6] By contrast, "[a] factual attack challenges the factual existence of subject matter jurisdiction" in which case the court may receive evidence to determine "whether subject matter jurisdiction exists, including evidence outside of the pleadings."[7] In the final analysis, the plaintiff has the burden to prove that the federal court has jurisdiction to hear the claim.[8]

## ANALYSIS

**I. Lack of Jurisdiction**

The Court holds that subject matter jurisdiction is lacking in this case. Based on the well-pleaded allegations of the Complaint, Plaintiff challenges the Tennessee Department of Human Services's determination that she is not entitled to benefits under the state's Medicaid program.[9] The Sixth Circuit has summarized the nature and purposes of the Medicaid program as follows:

---

[4] *New Hampshire Ins. Co. v. Home Sav. & Loan Co. of Youngstown, Ohio*, 581 F.3d 420, 423 (6th Cir. 2009) (citation omitted).

[5] *Crugher v. Prelesnik*, 761 F.3d 610, 613 (6th Cir. 2014).

[6] *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014).

[7] *Id.*

[8] *Kiser v. Reitz*, 765 F.3d 601, 606 (6th Cir. 2014).

[9] The Court notes that Plaintiff's suit is brought on her behalf by Robert Watkins, her agent holding power of attorney.

> Medicaid is a federal "grant-in-aid" program that helps states pay for health services for the needy. Grant-in-aid programs are contractual in nature—that is, states that accept federal Medicaid funding must develop a state Medicaid plan that complies with the terms and conditions upon which the federal funds were offered. State plans must include certain services, and may include others if the state chooses, but the services offered must meet the requirements of the Medicaid Act unless a waiver of certain requirements is approved by the Federal Center for Medicaid Services in the Department of Health and Human Services (CMS) under 42 U.S.C. § 1396n.[10]

The Complaint alleges that the Court has jurisdiction over her petition for judicial review pursuant to several statutory sources. However, none of the statutes actually confers jurisdiction on this Court to hear Plaintiff's claims.

For example, the Complaint cites Tenn. Code Ann. § 4-5-322, Tennessee's Uniform Administrative Procedures Act. The code section provides for judicial review of a final state agency decision by filing a petition in "the chancery court for Davidson County."[11] Plaintiff's other statutory citations, likewise, fail to confer jurisdiction on this Court to hear Plaintiff's appeal from the Tennessee Department of Human Services's decision. Title 42 U.S.C. § 1316 provides for judicial review of a determination by the Secretary of the United States Department of Health and Human Services that a state's Medicaid plan does not meet federal requirements.[12] Notably, this code section requires that the state file its petition for judicial review in the United

---

[10] *Brown v. Tennessee Dept. of Finance and Admin.*, 561 F.3d 542, 544 n.1 (6th Cir. 2009).

[11] Tenn. Code. Ann. § 4-5-322(b)(1)(A); *see also* § 4-5-322(b)(1)(B) (providing for judicial review of a final decision of the Tennessee Department of Human Services by filing a petition in the chancery court located either in the county of the official residence of the appropriate commissioner or in the county in which one (1) or more of the petitioners reside).

[12] 42 U.S.C. § 1316.

States Court of Appeals for the circuit in which the state is located.[13] The Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*, "governs the conduct of federal administrative agencies" and provides for judicial review of an act or decision of an "agency" of the United States.[14] The other statutes cited by the Complaint in support of the Court's jurisdiction do not provide for judicial review at all.[15] The Court concludes from these allegations that subject matter jurisdiction to hear Plaintiff's claim does not exist from the face of the Complaint. Therefore, the Court must dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

In her response in opposition to the Motion to Dismiss, Plaintiff relies on the statutes mentioned in her pleadings as well as 42 U.S.C. § 1396a. Section 1396a largely defines the requirements for state Medicaid plans. Plaintiff has not shown how this code section grants the Court jurisdiction to hear her appeal of the Tennessee Department of Human Services' decision to deny Medicaid benefits. The cases cited by Plaintiff are distinguishable because the plaintiffs in those cases alleged that state Medicaid programs failed to provide all of the services required by federal law or denied them due process under the United States Constitution. For example, the plaintiffs in *Beal v. Doe* alleged that Pennsylvania's Medicaid program was required under 42 U.S.C. § 1396a to provide coverage for "all abortions permissible under state law."[16] The Supreme Court in *Beal* never actually addressed the scope of federal jurisdiction. The nursing

---

[13] 42 U.S.C. § 1316(a)(3).

[14] *Am. Civil Liberties Union v. Nat'l Security Agency*, 493 F.3d 644, 677-78 (6th Cir. 2007).

[15] Compl. ¶ 3; 42 U.S.C. § 1382 (defining the eligibility criteria for aged, blind, and disabled persons to receive Supplemental Security Income benefits but never addressing judicial review); § 1396 (creating the Medicaid and CHIP Payment Access Commission).

[16] *Beal v. Doe*, 432 U.S. 438, 443-44 (1977).

home plaintiff in *Town Court Nursing Center, Inc. v. Beal* alleged that Pennsylvania violated the nursing home's due process rights by discontinuing Medicaid payments to the nursing home without first granting the nursing home an evidentiary hearing and judicial review of the decision to terminate the payments. The Third Circuit held that the constitutional claim raised a federal question and satisfied 28 U.S.C. § 1331.[17] And the United States District Court for the Eastern District of New York concluded in *Hempstead General Hospital v. Whalen* that the federal courts had subject-matter jurisdiction to review the Secretary of the United States Department of Health and Human Services ("TDHS")'s determination that a state's Medicaid regulations complied with 42 U.S.C. § 1396a.[18]

Each of these cases is clearly distinguishable from Plaintiff's complaint for judicial review of the Tennessee Department of Human Services' determination that she was not eligible for Medicaid benefits. Plaintiff raises three assignments of error in her Complaint: (1) TDHS incorrectly calculated her countable resources and failed to take into account her outstanding debts; (2) TDHS incorrectly applied the undue hardship exception provided in 42 U.S.C. § 1396p(c)(2)(D); and (3) TDHS incorrectly required Plaintiff to raise her undue hardship claim prior to her hearing. Each of the issues implicates a final decision from an agency of the state of Tennessee, not a claim "arising under the Constitution, laws, or treaties of the United States."[19]

---

[17] *Town Court Nursing Ctr., Inc. v. Beal*, 586 F.2d 266, 279 (3d Cir. 1978).

[18] *Hempstead Gen. Hosp. v. Whalen*, 474 F.Supp. 398, 406 (E.D.N.Y. 1979). The Court would add that in 1984, five years after *Whalen*, Congress enacted 42 U.S.C. § 1316 and created a right to judicial review of such determinations but only for the state itself. And as previously noted, a petition for judicial review under this section is filed with the United States Court of Appeals for the circuit in which the state sits. 42 U.S.C. § 1316(a)(3).

[19] 28 U.S.C. § 1331.

7

It is true that Plaintiff has challenged the state's application of the hardship exception created under 42 U.S.C. § 1396p(c)(2)(D). Federal courts have reached differing conclusions about whether specific portions of the Medicaid statute, 42 U.S.C. § 1396 *et seq.*, create a private right of action a plaintiff can vindicate by filing a claim under 42 U.S.C. § 1983.[20] Section 1983 creates a cause of action under federal law for the deprivation of rights secured by the Constitution and the laws of the United States, though only under certain circumstances. "Section 1983 provides a cause of action against State officials for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' but does not provide a mechanism through which citizens can enforce federal law generally."[21] For example, the Sixth Circuit has concluded that 42 U.S.C. § 1396a(a)(30) does not "provide Medicaid recipients or providers with a right enforceable under § 1983."[22] The Sixth Circuit has not decided whether § 1396p(c)(2)(D) creates a private right of action to enforce Medicaid's undue hardship exception.

The Court need not decide this specific issue because Plaintiff has not alleged any claim for relief under § 1983 in this case. Neither the Complaint nor Plaintiff's response brief mentions 42 U.S.C. § 1983. As such, Plaintiff has not alleged that any of the issues listed in the Complaint implicate her rights under the Constitution or the laws of the United States.

---

[20] *E.g. Hobbs ex rel. Hobbs v. Zenderman*, 579 F.3d 1171, 1179 (10th Cir. 2009) (holding that 42 U.S.C. § 1396p(d)(4)(A) did not create a private right of action under § 1983 "because it does not unambiguously impose a binding obligation on the State"); *Sabree ex rel. Sabree v. Richman*, 367 F.3d 180, 189 (3d Cir. 2004) (holding that 42 U.S.C. §§ 1396a(a)(10), 1396d(a)(15) & 1396a(a)(8) did create a private right of action under § 1983). It bears emphasis that the Third Circuit reached its conclusion after a full analysis of the all of the factors enumerated by the Supreme Court in *Gonzaga University v. Doe,* 536 U.S. 273 (2002).

[21] *Westside Mothers v. Olszewski*, 454 F.3d 532, 541 (6th Cir. 2006).

[22] *Id.* at 542.

In sum, Plaintiff has failed to carry her burden to show that this Court has jurisdiction over her claims.[23] Therefore, Defendant's Motion to Dismiss for lack of jurisdiction must be **GRANTED**.

**II. Failure to Serve Defendant Under Rule 4(m)**

In the alternative, even if Plaintiff had properly alleged subject matter jurisdiction, the Court holds that Plaintiff has failed to show good cause for her failure to serve Defendant within the 120-day time limit under Rule 4(m). Federal Rule of Civil Procedure 4(m) provides in relevant part that

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.[24]

In this case, Plaintiff filed her Complaint on September 24, 2014, making the deadline for service of process January 23, 2015. The record shows that Plaintiff failed to serve Defendant by that deadline and waited until February 4, 2015 to serve Defendant, after the Court had ordered Plaintiff to show cause as to why she did not serve Defendant within 120 days of filing her Complaint. It is undisputed then that Plaintiff failed to effect timely service on Defendant as required by Rule 4(m).

Under the circumstances dismissal of Plaintiff's Complaint is mandatory unless Plaintiff

---

[23] The Court need not reach Defendant's argument that it is entitled to sovereign immunity in order to decide the jurisdictional issue.

[24] Fed. R. Civ. P. 4(m).

can establish good cause for her failure to serve Defendant.[25] As the party requesting an extension of the 120-day service period, Plaintiff has the burden to show good cause and demonstrate "why service was not made within the time constraints" of Rule 4(m).[26] Plaintiff offers no explanation in her response to the Court's January 26, 2015 show cause order to demonstrate why she was unable to serve Defendant within the time permitted under Rule 4(m). Plaintiff only asserts that the delay in service has not prejudiced Defendant, and she requests that the Court extend the deadline for service. Plaintiff's failure to offer any explanation for the lack of timely service fails to meet the good cause standard. Therefore, Plaintiff's request for the extension is **DENIED.**

## CONCLUSION

Plaintiff's Complaint is dismissed but without prejudice for Plaintiff to pursue judicial review in the proper forum.

**IT IS SO ORDERED.**

    s/ S. Thomas Anderson
    S. THOMAS ANDERSON
    UNITED STATES DISTRICT JUDGE

Date: April 17, 2015.

---

[25] *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006).

[26] *Id.*